## CHARLES ASSID v. GREAT NORTHERN RAILWAY COMPANY, a Corporation.

### (164 N. W. 949.)

**Goods — transportation of — initial carrier — loss or injury — while in possession of connecting carrier — action for damages against initial carrier — demand for proof — failure to furnish.**

When a person seeks, under § 6260, Compiled Laws of 1913, to recover against

---

NOTE.—A comprehensive discussion, discussing the liability of a connecting carrier for loss beyond its own line, both in the absence of statute and under Federal and local state statutes, will be found in note in 31 L.R.A.(N.S.) 1.

The English rule as expressed in that note is to the effect that in the absence of an express stipulation to the contrary, an undertaking to carry the shipment to its ultimate destination is implied from the mere act of acceptance, and the carrier is responsible for loss or injury occurring on the line of any succeeding carrier to which the shipment is intrusted to continue or complete the transportation; while the American rule is that the duty of a carrier receiving a shipment marked for a destination beyond its own line is discharged in the absence of a special agreement. or course of business to the contrary, by safely carrying the goods over its own line and delivering them to the next succeeding carrier, to continue or complete the transportation. These two doctrines differ solely in the weight which they attach to the mere acceptance of the goods, and courts in jurisdictions where the English rule obtains frequently say that, in the absence of a special contract, the first carrier is only bound to deliver the shipment to the next connecting carrier in good order. The North Dakota statute, as stated in the opinion, modifies the strict rule of liability.

On burden of proof as between connecting carriers to show who is at fault for loss or injury of goods, see note in 101 Am. St. Rep. 392.

the initial carrier for goods lost or injured while in the possession of a second connecting carrier, he must prove a demand on such initial carrier for satisfactory proof that the loss or injury did not occur while it was in its charge, and a failure of such carrier to furnish such proof.

Opinion filed October 5, 1917.

Appeal from the District Court of Ramsey County, Honorable *C. W. Buttz,* Judge.

Action to recover against common carrier for loss of goods.

Plaintiff appeals.

Affirmed.

*John A. Pearson* and *L. J. Wehe,* for appellant.

Plaintiff having demanded his goods of the carrier into whose hands he placed them for proper transportation, it was incumbent upon such carrier to give plaintiff, within a reasonable time, satisfactory proof that the loss or injury did not occur while the goods were in its possession. Failing to do so, such carrier itself is liable. Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747; Comp. Laws 1913, § 6260.

*Flynn & Traynor* and *Murphy & Toner,* for respondent.

The bill of lading here expressly provides that "this company will transport over its own line only. This company shall not be liable for loss, damage, or injury not occurring on its own line.

"A common carrier receiving goods consigned to a point beyond its own line may limit its undertaking to one for safe carriage over its own line, and delivery to the next succeeding carrier." Roy v. Chesapeake & O. R. Co. 61 W. Va. 616, 31 L.R.A.(N.S.) 1, 57 S. E. 39; Ohio & M. R. Co. v. Emrich, 24 Ill. App. 245; Erie R. Co. v. Wilcox, 84 Ill. 239, 25 Am. Rep. 451; Atchison, T. & S. F. R. Co. v. Canton Mill. Co. 70 Kan. 766, 79 Pac. 656; Louisville & N. R. Co. v. Crozier, 13 Ky. L. Rep. 175; Louisville & N. R. Co. v. Cooper, 13 Ky. L. Rep. 496; Louisville & N. R. Co. v. Bourne, 15 Ky. L. Rep. 445; Louisville & N. R. Co. v. Tarter, 19 Ky. L. Rep. 229, 39 S. W. 698, 2 Am. Neg. Rep. 154; Caldwell v. Cincinnati, N. O. & T. P. R. Co. 21 Ky. L. Rep. 397, 51 S. W. 575; Coates v. United States Exp. Co. 45 Mo. 238; Snider v. Adams Exp. Co. 63 Mo. 376; McLendon v. Wabash R. Co. 119 Mo. App. 128, 95 S. W. 943; Atlantic Coast Line R. Co. v.

Riverside Mills, 219 U. S. 205, 55 L. ed. 181, 31 L.R.A.(N.S.) 7, 31 Sup. Ct. Rep. 164; Southern R. Co. v. Vaughn, 86 Miss. 367, 38 So. 500; Moody v. Southern R. Co. 79 S. C. 297, 60 S. E. 711; McEacheran v. Michigan C. R. Co. 101 Mich. 264, 59 N. W. 612; Cincinnati N. O. & T. P. R. Co. v. N. K. Fairbanks & Co. 33 C. C. A. 611, 62 U. S. App. 231, 90 Fed. 467; Dodge v. Chicago, St. P. M. & O. R. Co. 111 Minn. 123, 126 N. W. 629; Tolman v. Abbott, 78 Wis. 192, 47 N. W. 264.

A shipper accepting such a bill of lading is bound thereby. American Hay Co. v. Bath & H. R. Co. 85 N. Y. Supp. 341; Mulligan v. Illinois C. R. Co. 36 Iowa, 181, 14 Am. Rep. 514.

It is immaterial whether or not the shipper read the bill of lading. Stevens v. Lake Shore & M. S. R. Co. 20 Ohio C. C. 41, 11 Ohio C. D. 168; Mills v. Weir, 82 App. Div. 396, 81 N. Y. Supp. 801; Grindle v. Eastern Exp. Co. 67 Me. 317, 24 Am. Rep. 31.

An agent for the owner has authority to make such a contract. Shelton v. Merchants' Dispatch Transp. Co. 59 N. Y. 258.

Such a bill of lading is binding even though not signed by the shipper. Cincinnati, H. & D. R. Co. v. Pontius, 19 Ohio St. 221, 2 Am. Rep. 391.

In the absence of fraud, such a contract is binding. New York, C. & St. L. R. Co. v. Fremont, E. & M. Valley R. Co. (Union State Bank v. Fremont, E. & M. Valley R. Co.) 66 Neb. 159, 59 L.R.A. 939, 92 N. W. 131; Chicago & N. W. R. Co. v. Church, 12 Ill. App. 17; Mulligan v. Illinois C. R. Co. 36 Iowa, 181, 14 Am. Rep. 514; McCann v. Eddy, 133 Mo. 59, 35 L.R.A. 110, 33 S. W. 71, 174 U. S. 580, 43 L. ed. 1093, 19 Sup. Ct. Rep. 755; Dimmitt v. Kansas City, St. J. & C. B. R. Co. 103 Mo. 433, 15 S. W. 761; Crockett v. St. Louis & H. R. Co. 147 Mo. App. 347, 126 S. W. 243; Fremont, E. & M. Valley R. Co. v. Waters, 50 Neb. 592, 70 N. W. 225, 1 Am. Neg. Rep. 314; Miller Grain & Elevator Co. v. Union P. R. Co. 138 Mo. 658, 40 S. W. 894; Burtis v. Buffalo & State Line R. Co. 24 N. Y. 269; Atchison, T. & S. F. R. Co. v. Canton Mill Co. 70 Kan. 766, 79 Pac. 656; Gulf, C. & S. F. R. Co. v. Short, — Tex. Civ. App. —, 51 S. W. 262; San Antonio & A. P. R. Co. v. Turner, 42 Tex. Civ. App. 532, 94 S. W. 214; San Antonio & A. P. R. Co. v. Mayfield, 4 Tex. App. Civ. Cas. (Willson) 223, 15 S. W. 503; Central R. & Bkg. Co. v. Skellie,

86 Ga. 686, 12 S. E. 1017; Collender v. Dinsmore, 55 N. Y. 200, 14 Am. Rep. 224; Hinkley v. New York C. & H. R. R. Co. 56 N. Y. 429; Moses v. Port Townsend Southern R. Co. 5 Wash. 595, 32 Pac. 488; Southern R. Co. v. Vaughn, 86 Miss. 367, 38 So. 500; Moody v. Southern R. Co. 79 S. C. 297, 60 S. E. 711; Savannah, F. & W. R. Co. v. Harris, 26 Fla. 148, 23 Am. St. Rep. 551, 7 So. 544; Keller v. Baltimore & O. R. Co. 174 Pa. 62, 34 Atl. 455; McNeill v. Atlantic Coast Line R. Co. 161 Ala. 319, 49 So. 797; Rawson v. Holland, 59 N. Y. 611, 18 Am. Rep. 394; Plantation No. 4 v. Hall, 61 Me. 517.

The burden of proof is upon the shipper to show loss on the line of respondent. The mere delivery of the goods for shipment raises no presumption of loss on its line. Berkowitz v. Chicago, M. & St. P. R. Co. 109 App. Div. 878, 96 N. Y. Supp. 825; Farmington Mercantile Co. v. Chicago, B. & Q. R. Co. 166 Mass. 154, 44 N. E. 131; St. Louis & S. F. R. Co. v. McGivney, 19 Okla. 361, 91 Pac. 693; Cane Hill Cold Storage & Orchard Co. v. San Antonio & A. P. R. Co. — Tex. Civ. App. —, 95 S. W. 751; Montgomery & E. R. Co. v. Culver, 75 Ala. 587, 51 Am. Rep. 483; Crouch v. Louisville & N. R. Co. 42 Mo. App. 248; Louisville & N. R. Co. v. Jones, 100 Ala. 263, 14 So. 114; Michigan C. R. Co. v. Chicago Electric Vehicle Co. 124 Ill. App. 158; Connolly v. Illinois C. R. Co. 113 Mo. App. 310, 113 S. W. 233; St. Louis, I. M. & S. R. Co. v. Renfroe, 82 Ark. 143, 10 L.R.A.(N.S.) 317, 118 Am. St. Rep. 58, 100 S. W. 889.

Bruce, Ch. J. This is an action for the value of goods delivered to the Great Northern Railroad at Devils Lake, North Dakota, and consigned to Jamestown, North Dakota. The Great Northern does not run into Jamestown, and a transfer to the Northern Pacific Railroad at the junction point of Leeds, North Dakota, was necessary. All points are within the state of North Dakota, so that the transaction was purely intrastate, and the so-called Carmack Amendment was not involved. The action then being brought against the initial carrier, the recovery, if any, must be had under the provisions of the following provisions of the North Dakota statutes [Comp. Laws 1913]:

"Section 6259: If a common carrier accepts freight for a place beyond his usual route, he must, *unless he stipulates otherwise,* deliver it at the end of his route in that direction to some other competent carrier,

38 N. D.—18.

carrying to the place of address, or connected with those who thus carry, and his liability ceases upon making such delivery.

"Section 6260 : If freight, addressed to a place beyond the usual route of the common carrier who first received it, is lost or injured, he must within a reasonable time *after demand,* give satisfactory proof to the consignor that the loss or injury did not occur while it was in his charge, or he will be himself liable therefor."

Mr. Justice Robinson considers the latter of these sections to be penal in its nature and as such to be strictly construed; and since, in his opinion, the plaintiff has neither pleaded the statute nor provided a strict compliance therewith, he cannot recover. Although I agree with him in his general conclusions and in the general result arrived at, I do not agree with him in his particular reasoning and in his particular conclusions.

I do not consider that § 6260 of the Compiled Laws of 1913 is in any manner penal in its nature.

At the time of the passage of the act in question there was in the United States, and, in the absence of a specific statute upon the subject, a conflict of authority as to the liability of an initial carrier who had accepted goods consigned to a point beyond its own line. See 4 R. C. L. 882, 886. This doubt the statute (Comp. Laws 1913, § 6260), sought to obviate, and in doing so adopted what may be called the English and minority American rule of strict liability of such initial carrier, unless "within a reasonable time after demand" he gives "satisfactory proof to the consignor that the loss or injury did not occur while it was in his charge." This is not a penal statute, and as such to be strictly construed, but rather a modification in the carrier's favor of the strict rule of liability for the entire length of the shipment which some American courts (following the English rule) have adopted, and which the legislature of North Dakota (as has the National Congress in interstate matters and by the passage of the so-called Carmack Amendment) could itself, and if it saw fit, have adopted.

The liability of the initial carrier, however, must none the less, and even in this view of the statute, be based upon the statute; and the statute places no liability upon the initial carrier for a loss which does not occur while the goods are in its actual control, unless "within a reasonable time after *demand*" it fails to "give satisfactory proof to

the consignor that the loss or injury did not occur while it (the goods) was in his charge."

This proof was furnished on the trial of the case, and I can find nowhere in the record any evidence which tends to show that before this time any *demand* was made of the company for its furnishing and production. All that the evidence shows is a demand for the value of the goods alleged to have been shipped, or, at the most, for their production. Since I construe the word "demand" as used in the statute to apply to a demand for the proof that the loss did not occur while the goods were under the control of the initial carrier, rather than to a demand for the goods or for the value thereof, I believe that the judgment of the District Court should be affirmed.

ROBINSON, J. (specially concurring). This action was brought in justice court to recover from the defendant $200 for the loss of a peddler's box and contents which he shipped over the line of the defendant from Devils Lake to Jamestown. In justice's court and in the district court, judgment was given against the plaintiff, and he appeals to this court, making fifty-five assignments of error.

As the district court directed a verdict in favor of the defendant, the only question is on the sufficiency of the evidence to sustain the complaint. The complaint is that on April 11th at Devils Lake the plaintiff delivered the box and contents to the defendant, consigned to himself at Jamestown. "That defendant is indebted to and owes the plaintiff $200 damages for the loss and conversion and failure to return and safely ship said box of freight." Now the evidence is clear and positive that in due course the defendant did safely carry the box and deliver it in good condition to its connecting line the Northern Pacific Railway Company, at Leeds, North Dakota, and that was the proper point of delivery. Hence, under the complaint there was no question to submit to the jury, but in his brief counsel for plaintiff bases the claim on this statute [Comp. Laws, 1913]:

Section 6260: "If freight, addressed to a place beyond the usual route of the common carrier who first received it, is lost or injured, he must, within a reasonable time after demand, give satisfactory proof to the consignor that the loss or injury did not occur while it was in his charge, or he will be himself liable therefor."

This statute is of a penal character. It must be strictly construed. A party who seeks to recover the penalty of the statute must plead and prove facts which entitle him to recover. This, the plaintiff has not done. The pleadings do not fairly present an issue under the statute.

Under date of July 8, 1916, defendant wrote plaintiff's attorney a letter marked exhibit "4," saying: "Our records show that we delivered the case to N. P. Railway Co., at Leeds, N. D., in good condition." That letter should have been received by plaintiff's attorney in one or two days after it was written. This action was commenced on July 12th, which was four days after the date of the letter. In his brief, counsel for plaintiff says: "The first intimation of any kind tending to show that the loss did not occur while the box was in defendant's charge came with defendant's letter" (exhibit 4) stating, under date of July 8th, "defendant's records show we delivered this case to the N. P. Ry. Co., at Leeds, N. D., in good condition." He adds: "This letter was not received by plaintiff's attorney until after the summons had been prepared and just before it was issued." Now the preparation of the summons is a matter of no consequence. It was a small matter, and the notice contained in that letter was sufficient. It was notice of a fact which counsel for plaintiff might well have anticipated and which he might have easily verified. With that notice in hand, there was no reasonable cause for commencing this action. In such cases the parties and their counsel are bound to act in a spirit of good faith and fairness. The statute does not impose on defendant the burden of proof. There was no issue of fact to submit to the jury.